IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                  No. CR 08-1371

FERMIN JIMENEZ-MAYA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Fermin Jimenez-Maya's Motion
in Limine, filed August 4, 2008 [Doc. 73], the Government's Motion in Limine, filed August 4,
2008 [Doc. 77], the Government's Amended Motion in Limine, filed August 6, 2008 [Doc. 84],
and the Government's Second Motion in Limine, filed August 6, 2008 [Doc. 87].  The Court
having considered the motions, memoranda, and relevant law, and being otherwise fully
informed, finds that its ruling on Defendant's Motion in Limine is reserved until trial, that the
Government's Amended Motion in Limine is untimely and should be stricken, that the
Government's Motion in Limine is not well taken and should be denied, and that its ruling on the
Government's Second Motion in Limine is reserved until trial.

**A.  Defendant's Motion in Limine**

On August 4, 2008, Defendant filed his Motion in Limine seeking to exclude any
inference, in the Government's opening statements or in the trial itself, that Defendant was
involved in a "larger conspiracy" extraneous to the offenses charged in the Indictment.
Defendant argues that an attempt to infer such a conspiracy by mere innuendo or speculation is
improper.  Of course it is.  The government suggests, however, that it will offer competent

evidence of the conspiracy in which Defendant was involved.  Because the Court is unable to determine, without the benefit of context, whether the evidence that the government may attempt to introduce in proving the existence of any "larger conspiracy" is indeed extraneous to the offenses charged in the Indictment, the Court reserves ruling on Defendant's Motion in Limine until trial.  The Court cautions the Government, however, that its opening statement must be an "objective summary of the evidence reasonably expected to be produced at trial" and that it is improper to include statements which the Government knows or should know are unsupported by admissible evidence.  *See U.S. v. Novak*, 918 F.2d 107, 109 (10th Cir. 1990).

**B.  Government's Amended Motion in Limine**

At the Call of the Calendar on July 31, 2008, the parties and the Court agreed on the record that the deadline for filing motions in limine would be August 5, 2008, four working days before trial was to begin.  On August 4, 2008, the Government filed a Motion in Limine, including notice of intent to present 404(b) evidence, which as noted below, the Court considers to have been timely filed.  On August 5, 2008, the Court alerted the Government that its Motion in Limine appeared to contain irregularities.  However, the Government did not file its Amended Motion in Limine until August 6, 2008.  In the meantime, Defendant had already filed his Response to the Government's original Motion in Limine.

The Amended Motion in Limine was filed outside of the deadline established at the July 31, 2008 Call of the Calendar.  More importantly, the Court is concerned that the Defendant may be prejudiced and without the opportunity to adequately respond to the amended motion so close to trial.  Consequently, the Court finds that the Amended Motion in Limine is untimely and should therefore be stricken from the record.  However, the Government is not precluded from raising arguments presented in the Amended Motion at trial.

2

**C.  Government's First Motion in Limine**

On August 4, 2008, the Government filed its initial notice of intent to introduce evidence of a March 11, 2000 arrest of Defendant by Border Patrol Agents, where Defendant was driving a vehicle in which the passenger was a Mexican national illegally in the United States. According to the proffer contained in the Government's motion, a vehicle registered to Defendant, which contained 15 undocumented aliens, was also intercepted by Border Patrol the day before his arrest, on March 10, 2000.  Although the Government has made factual allegations related to the March 10, 2000 vehicle interception, only the March 11, 2000 arrest appears to be the subject of the Government's motion for admission of evidence.  *See* [Doc. 77, at 1.]

Defendant's first objection to the Government's proposed use of Defendant's March 11, 2000 arrest is that the notice of intent to introduce such evidence was untimely.  Under Fed. R. Evid. 404(b), the Government must generally "provide reasonable notice in advance of trial . . . of the general nature of any [404(b)] evidence that it intends to introduce at trial."  Fed. R. Evid. 404(b).  More specially, the pretrial Discovery Order issued by Magistrate Judge Molzen, provided that Rule 404(b) evidence was to be provided by the Government to the Defendant "at least five (5) working days prior to trial." [Doc. 53, at ¶ 7.]  With trial scheduled to begin August 11, 2008, notice of 404(b) evidence was to be filed by the Government by August 4, 2008. Because the Government's motion was filed on August 4, 2008 at 5:18 p.m., the Court considers it timely.

The Government seeks to introduce evidence of Defendant's March 11, 2000 arrest under Fed. R. Evid. 404(b), which provides that evidence of other crimes, wrongs, or acts may be admitted to establish motive, intent, knowledge, preparation, plan, identity, and absence of

3

mistake or accident.  *See United States v. Zamora*, 222 F.3d 756, 762 (10th Cir.); *United States v. Johnson*, 42 F.3d 1312, 1315 (10th Cir. 1994).  Evidence may not be admitted under Fed. R. Evid. 404(b), however, to prove the character of a person in order to show action in conformity therewith.  Fed. R. Evid. 404(b).

To determine whether evidence is admissible for one or more of the purposes listed in Fed. R. Evid. 404(b), the Court applies the four-part test articulated by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).  This test requires that: 1) the evidence must be offered for a proper purpose; 2) the evidence must be relevant; 3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and 4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *Zamora*, 222 F.3d at 762.

First, the Government "must articulate precisely the evidentiary hypotheses by which a fact of consequence may be inferred from [the proposed 404(b) evidence]."  *United States v. Rivera*, 837 F.2d 906, 910 (10th Cir. 1988).  The Government does not clearly articulate the purpose for which the March 11, 2000 arrest is offered, nor does it give an evidentiary hypothesis by which a fact of consequence may be inferred from such proposed evidence.  Rather, the Government argues in a conclusory fashion that the evidence is offered for a proper purpose.  On this basis, the Court simply cannot infer that there is a proper purpose for the Government's proposed 404(b) evidence.

Second, the Government's argument with regard to the relevance of the March 11, 2000 arrest is likewise conclusory and insufficient.  The Government makes the bare contention that the evidence "is relevant to proving an element of the offense."  Without more, the Court simply

4

cannot infer that the March 11, 2000 evidence is relevant to the crimes charged in the Indictment.

Third, even if the 404(b) evidence offered by the Government was relevant and offered for a proper purpose, it is still subject to Rule 403 balancing. *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). Under Fed. R. Evid. 403, the trial court must determine whether the probative value of the March 11, 2000 arrest is substantially outweighed by its potential for unfair prejudice. Because the arguments found in the Government's motion regarding the application of Rule 403 are largely unrelated to the case at hand, the Court is left unable to properly assess the proposed evidence's probative value.

For the reasons stated, herein, the Court denies the Government's motion to admit evidence of Defendant's March 11, 2000 arrest. Nevertheless, the Court's written ruling on this issue remains subject to reconsideration if a change in context should arise during the trial or if the Court becomes convinced that such evidence is indeed relevant, offered for a proper purpose, highly probative, and not unfairly prejudicial.

**D. Government's Second Motion in Limine**

On August 6, 2008, the Government filed a Second Motion in Limine seeking to admit evidence that Defendant "repeatedly actively solicited the assistance of Gumaro Calderon to smuggle aliens from 2006 to 2007." [Doc. 87.] Again, the deadline for giving notice of intent to offer 404(b) notice was August 4, 2008, and the deadline established by the parties and the Court for filing motions in limine was August 5, 2008. However, in its motion the Government proffers that it was not until August 5, 2008 that Calderon actually admitted that he had been recruited by Defendant to smuggle aliens. Thus, there appears to be good reason for excusing pretrial notice of intent to offer this 404(b) evidence and for filing a motion in limine outside of

the established deadline.  Because the Court remains concerned that Defendant would be prejudiced if the Court ruled on this motion so close to trial, before Defendant has had an adequate opportunity to respond, the Court reserves ruling on the Government's Second Motion in Limine until trial.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that the Court's ruling on Defendant's Motion in Limine [Doc. 73] is hereby reserved until trial, that the Government's Amended Motion in Limine [Doc.  84] is untimely and is hereby stricken, that the Government's Motion in Limine [77] is not well taken and is hereby **DENIED**, and that the Court's ruling on the Government's Second Motion in Limine [Doc. 87] is also hereby reserved until trial.

Dated this 8th day of August 2008.

_____
UNITED STATES DISTRICT JUDGE